UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

EVERETT DAVIS and
ARITHA DAVIS,　　　　　　　　　　　　　　Case No. 12-33624-dof
　　　　　　　　　　　　　　　　　　　　　Chapter 13 Proceeding
　　　　　Debtors.　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

## OPINION SETTING ASIDE JANUARY 18, 2013, ORDER
## CONFIRMING PLAN AS TO MELODY DAVIS ONLY

### Facts

Melody Davis, a creditor of Debtor Everett Davis, files this Motion for Relief from the January 18, 2013, Order Confirming Plan, asserting that she never received formal notice of the Chapter 7 bankruptcy filing, of the conversion to Chapter 13, or of the Order Confirming the Chapter 13 Plan entered on January 18, 2013, and, thus, is not bound by its terms. Melody Davis testified at the evidentiary hearing on Debtors' Motion for Contempt that an incorrect address was used up until September 2013, when the instant Motion for Contempt was filed. The Court summarized the testimony of Melody Davis on Pages 4 and 5 of its September 23, 2014, Opinion Regarding Debtors' Motion for Contempt as follows:

> Melody Davis testified that her address was 5280 Timberwood Drive at the relevant time, and that she lived in a building with nine units in each building, and with five to six buildings in the entire complex. Apparently, every unit has its own number and there is no 5208 Timberwood Drive, which was the address used by the Debtors on their bankruptcy petition. She also testified that she did not receive any notice until the instant Motion was filed in September 2013. She did acknowledge that Mr. Davis contacted her in late fall, early winter of 2012, because he was concerned that a bank was going to contact her about the balance owed on a mortgage on jointly owned property. Regardless, she denies receiving any notice of the bankruptcy until she received the instant Motion in September 2013. She also claims that Mr. Davis never told her the ramifications of the bankruptcy to her. She also denies receiving any other correspondence and was not sure how she received a copy of the instant Motion, other than it was placed in her mailbox. She also testified that she did not ask the FOC to enforce the Divorce Judgment, but that she did attend two show cause hearings and that Mr. Davis missed at least one, if not both, of those hearings.

The Court made findings of fact in its September 23, 2014, Opinion. In its analysis on Page 14 of the Opinion, the Court concluded:

The Court must first decide whether the FOC and Melody Davis had actual notice of the bankruptcy filing. The Court finds that Melody Davis knew to some degree by December 2012 of the bankruptcy, because of a verbal conversation occurring around that time between her and Debtor Everett Davis. There is no proof, however, as to the nature of that notice, and whether Melody Davis knew under which chapter the bankruptcy had been filed. The FOC did not have notice of the bankruptcy until July 12, 2013, as supported by the undisputed testimony of FOC attorney, Susan Root. Keeping in mind it is Debtors' burden, as the Movants' here, to establish actual notice was given, the Court concludes, that the actions complained of by Debtors were not protected by the automatic stay because the required notice was insufficient to alert Melody Davis and the FOC of the bankruptcy.

Debtors respond to the instant Motion, choosing to focus on whether the debt owed to Melody Davis is dischargeable pursuant to 11 U.S.C. § 523(a)(15), rather than whether actual notice was given to warrant setting aside the Order Confirming Plan.

The Chapter 13 Trustee also responds that, stating that "should the Order Confirming Plan be set aside the Trustee would ask for language in any order resolving Creditor's motion to state that the Chapter 13 Trustee shall not be required to recoup any funds previously disbursed." Thus, the Trustee does not appear to take a position on whether the Order Confirming Plan should be set aside.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L) (confirmation of plans).

The issue involves confirmation of a Chapter 13, which arises from Title 11 of the United States Code and does not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, -----U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## Standard for Relief Under Rule 60(b)(4)

Rule 60(b)(4), incorporated by Federal Rule of Bankruptcy Procedure 9024, provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a

final judgment, order, or proceeding for the following reasons: . . . the judgment is void."

"A judgment is void under 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (internal quotation marks and citation omitted).

"If the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." *Id.* (citation omitted); *see also Jalapeno Property Management, LLC v. Dukas*, 265 F.3d 506, 515-16 (6th Cir. 2001) (J. Batchelder, concurring) (discussing the difference between an erroneous judgment and a void judgment).

General Binding Effect of Orders Confirming Chapter 13 Plans

An order confirming a Chapter 13 plan is binding even though contrary to the Code if a creditor received adequate notice that satisfies the Due Process Clause. *United Student Aid Funds, Inc., v. Espinosa*, 559 U.S. 260, 272 (2010). "*Espinosa* stands for the more limited proposition that a confirmed plan is binding on all parties-in-interest, provided the plan proponent afforded such parties adequate notice, consistent with the Due Process Clause of the United States Constitution—even if the plan violates the Bankruptcy Code in some particulars." *In re Deavila*, 431 B.R. 178, 179 (Bankr. W.D. Mich. 2010). The Supreme Court in *Espinosa* noted that "[d]ue process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," and does not require "actual notice." *Espinosa*, 559 U.S. at 272 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Analysis and Conclusion

The validity of an order confirming a Chapter 13 plan is dependent upon adequate notice to those affected by the plan. It is undisputed that Melody Davis was affected by Debtors' Chapter 13 Plan. It is disputed, however, as to whether Melody Davis received sufficient notice

of the plan to satisfy the Due Process Clause.  The Court concluded in its September 23, 2014, Opinion that notice was not sufficient for purposes of deciding whether Melody Davis violated the automatic stay.  The same holds true for purposes of determining whether Melody Davis is bound by the Order Confirming Plan for the reasons stated in that Opinion.  Melody Davis did not receive actual notice of Debtors' Plan, and the verbal conversations she may have had with Debtor Everett Davis concerning the bankruptcy filing, as well as Debtors' proposed treatment of her claim in a Chapter 13 plan, do not rise to the level of reasonably calculated notice under the circumstances.

For these reasons, the Court concludes that the January 18, 2013, Order Confirming Plan is set aside as to Melody Davis only.  The Court directs Melody Davis, as the prevailing party, to prepare and present an appropriate order.

**Not for Publication**

**Signed on January 27, 2015**

                                      **/s/ Daniel S. Opperman**
                                **Daniel S. Opperman**
                                **United States Bankruptcy Judge**